

## NUMBER 13-09-00150-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

RODOLFO GUERRERO, M.D., Appellant,

v.

ROSARIO RUIZ AND HUSBAND, ROBERTO
RUIZ, AND JOE A. CISNEROS, Appellees.

On appeal from the 275th District Court
of Hidalgo County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Justice Rodriguez**

Appellant Rodolfo Guerrero, M.D. challenges the trial court's denial of his motion to dismiss appellees Rosario and Roberto Ruiz's health care liability claims for failure to serve an adequate expert report, as required by section 74.351. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a)-(b) (Vernon Supp. 2009). By one issue, Dr. Guerrero complains

that the trial court abused its discretion in failing to dismiss appellees' claims because their expert report did not identify any breach of the applicable standard of care or address causation. Dr. Guerrero also complains that the trial court erred in refusing to award him attorney's fees. *See id.* § 74.351(b)(1). We affirm.

## I. BACKGROUND

On February 3, 2005, Dr. Guerrero performed surgery on Mrs. Ruiz to excise a tumor on the left side of her neck. Appellees allege that, during the surgery, Dr. Guerrero injured Mrs. Ruiz's vocal cords and the nerve affecting the left side of her diaphragm. Appellees claim that Dr. Guerrero's negligence caused Mrs. Ruiz physical pain and mental anguish—including a raspy voice and severe shortness of breath that has hindered her life activities—and that, as a result, Mr. Ruiz has suffered loss of consortium and household services.

On August 9, 2007, appellees served an expert report authored by Louis Silverman, M.D. Dr. Guerrero filed objections to the report and a motion to dismiss on August 29, 2007, arguing that Dr. Silverman's report failed to identify the applicable standard of care, breach of the standard of care, and causation. The trial court denied the motion to dismiss, and Dr. Guerrero appealed the trial court's denial to this Court.

On August 29, 2008, we reversed the trial court's denial of Dr. Guerrero's motion to dismiss, concluding that appellees' expert report did not sufficiently set out the standard of care, breach, and causation. *Guerrero v. Ruiz*, No. 13-07-00682-CV, 2008 WL 3984167, at *4 (Tex. App.–Corpus Christi Aug. 29, 2008, no pet.) (mem. op.); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(r)(6). We remanded the case to the trial court to

2

determine whether appellees should be granted a thirty-day extension to cure the deficiencies. *Guerrero*, 2009 WL 3984167, at *4; *see* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(c).

On remand, the trial court granted appellees a thirty-day extension, during which they filed an amended expert report by Dr. Silverman. Dr. Guerrero filed a second motion to dismiss, which was also denied by the trial court. This case returns to us by way of Dr. Guerrero's interlocutory appeal of the trial court's denial of his second motion to dismiss. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(9) (Vernon 2008) (authorizing an interlocutory appeal of the denial of a motion to dismiss filed under section 74.351(b)).

## II. STANDARD OF REVIEW AND APPLICABLE LAW

We review a trial court's decision on a motion to dismiss under section 74.351 of the civil practice and remedies code for abuse of discretion. *Jernigan v. Langley*, 195 S.W.3d 91, 93 (Tex. 2006)*; Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 878 (Tex. 2001). The trial court abuses its discretion if it acts unreasonably or arbitrarily or without reference to any guiding rules or principles. *Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex. 2003).

Under section 74.351 of the Texas Civil Practice and Remedies Code, a claimant must "serve on each party or the party's attorney" an expert report and curriculum vitae "not later than the 120th day after the date the original petition was filed." TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a). An expert report is "a written report by an expert that provides a fair summary of the expert's opinions . . . regarding applicable standards of care, the manner in which the care rendered . . . failed to meet the standards, and the

3

causal relationship between that failure and the injury, harm, or damages claimed." *Id.* §
74.351(r)(6).

In our review of the expert report, we are limited to the four corners of the report in
determining whether the report manifests a good faith effort to comply with the statutory
definition of an expert report. *Palacios*, 46 S.W.3d at 878; *see* TEX. CIV. PRAC. & REM.
CODE ANN. § 74.351(*l*) (requiring that the trial court "grant a motion challenging the
adequacy of the expert report only if appears to the court, after hearing, that the report
does not represent an objective good faith effort to comply" with the statutory definition).
The report "need not marshal all the plaintiff's proof." *Palacios*, 46 S.W.3d at 878;
*Jernigan*, 195 S.W.3d at 93. If the expert report puts the defendant on notice of the
specific conduct complained of and provides the trial court a basis on which to conclude
the claims have merit, the report represents a good-faith effort to comply with the statute.
*Palacios*, 46 S.W.3d at 879.

### III. DISCUSSION

By his sole issue, Dr. Guerrero complains that the trial court erred in denying his
motion to dismiss appellees' health care liability claims because appellees' expert report
did not comply with section 74.351. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(r)(6).
Specifically, Dr. Guerrero contends that the amended expert report was inadequate and
not a good faith effort to comply with the statute because it failed to identify any breaches
by Dr. Guerrero of the standard of care and failed to set forth the causal relationship
between Dr. Guerrero's alleged breach and Mrs. Ruiz's alleged injury.[1] *See id.* § 74.351(*l*),
(r)(6).

---

[1] Dr. Guerrero does not challenge the standard of care set forth in the amended report.

4

The amended expert report sets forth the standard of care as follows:

> The standard of care applicable to the removal of cervical masses requires that *vital structures such as the phrenic nerve, which are known to traverse the surgical field, must be preserved*. . . . The only indication for removal of the phrenic nerve is its direct involvement in a malignant process.

> The phrenic nerve can be preserved during surgical procedure in its anatomic location by avoidance. That is best accomplished by *identifying the nerve, moving it away from the surgical field by gentle retraction, but the key principle is to note its presence and take care not to violate its integrity*.

> If there is question as to whether a nerve is involved in a malignant process, the standard of care requires that the mass be biopsied, frozen section pathologic examination be immediately carried out and malignancy be confirmed prior to removal of a structure as vital as the phrenic nerve.

(Emphasis added.)

Dr. Silverman rules out the complication of malignancy when he opines that "[p]athological examination of that tumor revealed it to be a benign lipoma." He then notes that "Dr. Guerro [sic] made no mention in his operative report that he identified or made any effort to insure that no inadvertent damage to the phrenic nerve occurred. He therefore failed to meet accepted standards in his performance of Ms. Ruiz's excisional biopsy."

Dr. Guerrero argues that, at most, Dr. Silverman identified a failure to document—i.e., that Dr. Silverman's statement merely noted Dr. Guerrero's sparse post-operative reporting—and that such a failure to document is not part of the defined standard of care. We disagree with Dr. Guerrero's interpretation of Dr. Silverman's statement. Instead, we read Dr. Silverman's statement as an affirmation that Dr. Guerrero failed to perform the specific tasks Dr. Silverman describes in his detailed recitation of the standard of care. *See Gelman v. Cuellar*, 268 S.W.3d 123, 127 (Tex. App.–Corpus Christi 2008,

5

pet. denied) (explaining that an expert report "need not marshal and present all of the plaintiff's proof") (citing *Palacios*, 46 S.W.3d at 878-79).  In other words, Dr. Silverman first explains the specific tasks and responsibilities required of Dr. Guerrero when operating on a benign tumor near the phrenic nerve and then notes that Dr. Guerrero failed to take the requisite precautions when he operated on Mrs. Ruiz.  *See Palacios*, 46 S.W.3d at 880. We therefore conclude that Dr. Silverman's report sufficiently identified the breach element required of expert reports under section 74.351.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(r)(6).

Next, Dr. Guerrero complains that the amended expert report did not establish a causal connection between his alleged breach and Mrs. Ruiz's injury because Dr. Silverman's causation statements were conclusory and did not explain the basis of his statements to link his conclusions to the facts.  *See Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002) (holding that an expert report "cannot merely state the expert's conclusions" regarding causation; rather, the basis of the expert's statements must link his conclusions to the facts).  In addition to the statements establishing standard of care and breach, Dr. Silverman's amended report also provides the following explanatory facts: "The phrenic nerve innervates the diaphragm and damage to that nerve results in paralysis of the diaphragm.  Paralysis of the diaphragm results in impaired pulmonary function of the denervated side."  Referring to his statement that Dr. Guerrero failed to identify the phrenic nerve or make any efforts to avoid damage to the nerve, Dr. Silverman explains in his report that "[t]hat failure was the proximate cause of the damage to Ms. Ruiz's left phrenic nerve."  Dr. Silverman then concludes that the "damage resulted in paralysis of Ms. Ruiz's left diaphragm, which, more likely than not, will result in lifelong impairment of pulmonary function."

By explaining how a damaged phrenic nerve paralyzes the diaphragm and, as a result, impairs pulmonary function, Dr. Silverman provided facts that linked his statements regarding Dr. Guerrero's breach to Mrs. Ruiz's injuries. In other words, the expert report demonstrated the basis of Dr. Silverman's statement linking Dr. Guerrero's breach to Mrs. Ruiz's severe shortness of breath. *See Wright*, 79 S.W.3d at 52; *Gelman*, 268 S.W.3d at 130.

Based on the foregoing, we cannot conclude that the trial court abused its discretion in denying Dr. Guerrero's motion to dismiss. Looking only within the four corners of the report, we hold that appellees' amended expert report adequately identified Dr. Guerrero's breach of the standard of care and explained how the breach caused Mrs. Ruiz's injuries. *See Palacios,* 46 S.W.3d at 878. The report was a good faith effort to comply with the statute because it put Dr. Guerrero on notice of the specific conduct complained of and provided the trial court a basis on which to conclude the claims have merit. *See id.* at 879; TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(*l*). We therefore conclude that the trial court properly denied Dr. Guerrero's motion to dismiss appellees' claims. Having so concluded, we need not reach Dr. Guerrero's remaining contention regarding attorney's fees.[2] *See* TEX. R. APP. P. 47.1. Dr. Guerrero's first issue is overruled.

---

[2] Appellees' attorney, Joe A. Cisneros, is also named as an appellee in this case, presumably for purposes of recovering attorney's fees directly from him. However, having determined that the trial court did not err in denying Dr. Guerrero's motion to dismiss, attorney's fees are not available under the statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b) (Vernon Supp. 2009). Because Dr. Guerrero is unable to recover attorney's fees in this case, we determine it is unnecessary to address whether Cisneros is a proper party to this appeal. TEX. R. APP. P. 47.1; *see Fulp v. Miller*, 286 S.W.3d 501, 513 (Tex. App.–Corpus Christi 2009, no pet.) (refusing to determine whether an attorney can be liable for a defendant doctor's attorneys fees where no order had been entered dismissing the appellee's health care liability claims); *see also Haddad v. Marroquin*, No. 13-08-00139-CV, 2009 WL 2192737, at *4 n.1 (Tex. App.–Corpus Christi July 23, 2009, pet. filed) (mem. op.) (same).

## IV.  CONCLUSION

The judgment of the trial court is affirmed.


NELDA V. RODRIGUEZ
Justice

Memorandum Opinion delivered and
filed this 12th day of November, 2009.